PER CURIAM:
Claimants brought this action for damaged water quality as a result of blasting by a contractor for respondent near Route 97 in Hanover, Wyoming County. The Court is of the opinion to deny this claim for the reasons more fully set forth below. Claimant Alton Dale West owns a house in Hanover, Wyoming County that was built in 1968.[1] Mr. West’s brother, Claimant Alvin David West resides in the house. A nearby well, dug in 1968, supplies the residence with water. The well is fifty-five to sixty feet deep and does not have a filter. All of the local residents have their own personal wells. From spring 1997 to fall 1998, Bizzack, Inc., was involved in a construction project on Route 97. During this project, Bizzack, Inc., conducted blasting operations in the area for about one year. The site of the blasting was about one hundred fifty feet from the house and it was at an elevation twenty to twenty-five feet lower than the house. On August 29, 1997, Mr. Alvin West completed a pre-blast survey in which he indicated that the well had been tested and iron was found in the well water supply. Mr. West also indicated the presence of sulphur in the well *303 water supply. On one occasion, blasting debris struck the residence damaging an awning. Afterwards, Mr. Alvin West signed a release form and he was reimbursed for the damages by Bizzack, Inc.’s insurer. Sometime between September through November of 1998, claimant Alvin David West began to notice a discoloration in the water supply from the well. This discoloration became progressively worse. Mr. West testified that prior to the blasting, there was no problem with the water supply. After the blasting, he testified that the water was not drinkable or useable for general domestic purposes. Mr. Alvin West further testified that he has to purchase drinking water a nd t ake his c lothes t o t he 1 aundromat. A ccording t o M r. A Ivin W est, h e reported the problem to the insurer for Bizzack, Inc., and he was instructed to file a claim in this Court. The sustained damage to the well was estimated between $2,790.00 and $3,384.00. Neither Mr. Alton West nor Mr. Alvin West had a homeowner’s insurance policy that would have provided coverage for this incident.
In this claim, the evidence failed to establish negligence on the part of respondent. The Court is of the opinion that the adduced evidence was too speculative to conclude that the blasting was the proximate cause of damage to the well such that the water quality was affected by an infiltration of iron. There are many other plausible reasons for the iron in the water other than the blasting. Moreover, the completed pre-blast survey indicated that there were some water quality problems prior to the blasting. While the Court is sympathetic to claimants’ plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.

 Claimants adduced two deeds on October 13,2000, as post-hearing exhibits, which establish the chain of title of the property in question from his parents to him.